115 P.3d 687

STATE of Hawai'i, Plaintiff–Appellee,

v.

Timothy C. REES, Defendant–Appellant.

No. 26470.

Intermediate Court of Appeals of Hawai'i.

May 27, 2005.

Certiorari Denied July 28, 2005.

Timothy C. Rees, on the briefs, Pro Se Defendant–Appellant.

Glenn H. Shiigi, Deputy Prosecuting Attorney, County of Hawaii, on the briefs, for Plaintiff–Appellee.

BURNS, C.J., WATANABE and LIM, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant Timothy C. Rees (Rees) appeals from the district court's March 23, 2004 Judgment finding him "guilty" of the offense of "Expired Safety Sticker[,]" Hawaii Revised Statutes (HRS) § 286–25 (1993), and ordering him to pay a $40 fine and a $15 administrative fee. We conclude that, because the offense of "Expired Safety Sticker" is a civil traffic infraction and not a criminal offense, the district court improperly found Rees "guilty[.]" Therefore, we vacate the March 23, 2004 Judgment and remand for entry of a replacement judgment in compliance with the applicable statutes.

## BACKGROUND

### A. The Relevant Statutes

The statutes governing safety stickers are included in HRS Chapter 286 (1993 and Supp.2004) and state, in relevant part, as follows:

## DIVISION 1. GOVERNMENT

## TITLE 17. MOTOR AND OTHER VEHICLES

## CHAPTER 286. HIGHWAY SAFETY

## PART II. INSPECTION OF VEHICLES

§ 286–21 **Vehicles without required equipment or in unsafe condition.** No person shall drive or cause to move on any highway any motor vehicle, trailer, semi-trailer, or pole trailer, or any combination thereof, unless the equipment thereon is in good working order and adjustment as required in this part so as not to endanger

the driver or other occupant or any person upon the highway.

**§ 286–22 Inspection by officers of the police department.** (a) The chief of police or any police officer of any county may, at any time when the chief of police or police officer has reasonable cause to believe that a vehicle is unsafe or not equipped as required by law, require the owner or driver of the vehicle to submit the vehicle to an inspection or make the necessary corrections or repairs.

(b) If the vehicle is found to be in an unsafe condition or if any required part or equipment is not present or if any required part or equipment is present but not in proper repair, the officer shall issue a citation to the owner or driver stating the reasons that the vehicle is deemed unsafe and shall require that a new certificate of inspection as provided in section 286–26 be obtained within five days or that the defect be cured.

(c) If upon inspection, the chief of police or any police officer determines that any vehicle is in such unsafe condition as to constitute a menace to the public and cannot reasonably be restored to a safe condition as required in this part, the chief of police or police officer shall remove the sticker which signifies the certificate of inspection and inform the director of finance who shall forthwith suspend the registration of the vehicle and give notice of the suspension to its owner. Whenever the director of finance has suspended the registration of any vehicle under this part, the owner of the vehicle shall immediately surrender and forward to the director of finance the certificate of registration and the license plates last issued upon registration of the vehicle for the current year.

(d) Any person aggrieved by this section shall have the right to a hearing before a district judge of the circuit in which the person is cited within five days. The judge shall determine whether the chief of police or any police officer reasonably performed the chief of police's or police officer's duties hereunder and shall make any appropriate order.

**§ 286–23 Responsibility for compliance.** (a) Every owner or driver, upon receiving a citation as provided in section 286–22(b), shall comply therewith and shall within five days secure an official certificate of inspection or make the necessary corrections or repairs, or the driver may request a hearing as provided in section 286–22(d).

(b) No person shall operate any vehicle after receiving a citation with reference thereto as provided in section 286–22(b), except that if the driver is authorized to do so by the police officer, the driver may return the vehicle to the driver's residence or place of business or the residence or place of business of the owner of the vehicle, or to an automotive repair shop, if within a distance of twenty miles, until a certificate of inspection is obtained or the necessary corrections or repairs are made.

**§ 286–24 Registered owner's responsibility; registration plates as prima facie evidence as to the fault of the registered owner.** In any proceeding for violation of this part, the registered owner of a vehicle shall be deemed responsible for the unsafe condition of the vehicle.

**§ 286–25 Operation of a vehicle without a certificate of inspection.** Whoever operates, permits the operation of, causes to be operated, or parks any vehicle on a public highway without a current official certificate of inspection, issued under section 286–26, shall be fined not more than $100.

**§ 286–26 Certificates of inspection.** (a) The following vehicles shall be certified as provided in subsection (e) once every year:

(1) Trucks, truck-tractors, semitrailers, and pole trailers having a gross vehicle weight rating of more than 10,000 pounds;

(2) Buses;

(3) Rental or U-drive motor vehicles two years of age or older; and

(4) Taxicabs.

Ambulances shall be certified as provided in subsection (e) once every six months.

(b) All other vehicles, including motorcycles, trailers, semitrailers, and pole trail-

ers having a gross vehicle weight rating of 10,000 pounds or less, and antique motor vehicles as defined in section 249–1, except those in subsections (c) and (d), shall be certified as provided in subsection (e) every twelve months; provided that any vehicle to which this subsection applies shall not require inspection within two years of the date on which the vehicle was first sold.

(c) Any vehicle that has been involved in an accident shall be certified as provided in subsection (e) before it is operated again if:

(1) It is determined by a police officer or an insurer that the vehicle's equipment has been damaged so as to render the vehicle unsafe; or

(2) It is rebuilt or restored.

(d) Every vehicle shall be certified prior to the issuance of a temporary or permanent registration by the director of finance and prior to the transfer of any registration; provided that this requirement shall not apply to a subsequent transfer of registration in a vehicle that carries a current certificate of inspection.

(e) Upon application for a certificate of inspection to be issued for a vehicle, an inspection as prescribed by the director under subsection (g) shall be conducted on the vehicle, and if the vehicle is found to be in a safe operating condition, a certificate of inspection shall be issued upon payment of a fee to be determined by the director. The certificate shall state the effective date, the termination date, the name of the issuing insurance carrier, and the policy number of the motor vehicle insurance identification card for the inspected motor vehicle as specified by section 431:10C–107 or state the information contained in the proof of insurance card as specified by section 431:10G–106. A sticker, authorized by the director, shall be affixed to the vehicle at the time a certificate of inspection is issued. An inspection sticker which has been lost, stolen, or destroyed shall be replaced without reinspection by the inspection station that issued the original inspection sticker upon presentation of the vehicle's current certificate of inspection; provided that the current certificate of in-

spection and inspection sticker shall not have expired at the time the replacement is requested. The director shall adopt rules to determine the fee for replacement of lost, stolen, or destroyed inspection stickers.

(f) The operator of an official inspection station shall pay, from the fee in subsection (e), an amount to be determined by rules adopted pursuant to chapter 91 to the director of transportation. This amount shall be expended only for administration and enforcement of the periodic motor vehicle inspection program. The funds collected pursuant to this subsection shall be deposited into the highway special fund.

(g) The director of transportation shall adopt necessary rules for the administration of inspections and the issuance of certificates of inspection.

(h) This section shall not apply to:

(1) Any motor vehicle which is covered by part XI, governing safety of motor carrier vehicle operation and equipment; provided that the rules adopted pursuant to part IA impose standards of inspection at least as strict as those imposed under subsection (g) and that certification is required at least as often as provided in subsections (a), (b), (c), and (d); and

(2) Aircraft servicing vehicles that are being used exclusively on lands set aside to the department of transportation for airport purposes.

(i) As part of the inspection required by this section, the owner of the vehicle to be inspected shall produce and display the motor vehicle insurance identification card for the inspected motor vehicle required by section 431:10C–107 or the proof of insurance card required by section 431:10G–106. If no card is displayed, then the sticker authorized by the director shall not be affixed to the vehicle and the certificate of inspection shall not be issued.

HRS Chapter 291D (1993 & Supp.2004), which sets forth the procedures applicable to traffic infractions, states, in relevant part, as follows:

## DIVISION 1.  GOVERNMENT

### TITLE 17.  MOTOR AND OTHER VEHICLES

## [CHAPTER 291D.]  ADJUDICATION OF TRAFFIC INFRACTIONS

**[§ 291D–1]  Purpose.** Act 222, Session Laws of Hawaii 1978, began the process of decriminalizing certain traffic offenses, not of a serious nature, to the status of violations.  In response to a request by the legislature, the judiciary prepared a report in 1987 that recommended, among other things, further decriminalization of traffic offenses, elimination of most traffic arraignments, disposition of uncontested violations by mail, and informal hearings where the violation or the proposed penalty is questioned.  The legislature finds that further decriminalization of certain traffic offenses and streamlining of the handling of those traffic cases will achieve a more expeditious system for the judicial processing of traffic infractions. . . .

**§ 291D–2  Definitions.**  As used in this chapter:

"Hearing" means a proceeding conducted by the district court pursuant to section 291D–8 at which a driver either contests the notice of traffic infraction or admits to the traffic infraction but offers an explanation to mitigate the monetary assessment imposed.

"Traffic infraction" means all violations of statutes, ordinances, or rules relating to traffic movement and control, including parking, standing, equipment, and pedestrian offenses, for which the prescribed penalties do not include imprisonment.

"Trial" means a trial conducted by the district court pursuant to the Hawaii Rules of Penal Procedure and rules of the district court.

**§ 291D–3  Applicability.** (a) Notwithstanding any other provision of law to the contrary, all traffic infractions shall be adjudicated pursuant to this chapter, except as provided in subsection (b).  This chapter shall be applied uniformly throughout the State and in all counties.  Penal sanctions except fines shall not apply to a violation of a county ordinance that would constitute a traffic infraction under this chapter.  Traffic infractions shall not be classified as criminal offenses.

(b) Traffic infractions that involve an accident resulting in personal injury or property damage or are committed in the same course of conduct as a criminal offense for which the offender is arrested or charged shall not be adjudicated pursuant to this chapter, but shall be adjudicated by the appropriate district or circuit court of the circuit in which the traffic infraction was committed, whichever has jurisdiction pursuant to the applicable statute or rules of court.  In no event shall section 701–109 preclude prosecution for a criminal offense where a traffic infraction committed in the same course of conduct has been adjudicated pursuant to this chapter.

(c) If the defendant fails to appear for a traffic infraction which is committed in the same course of conduct as a criminal offense for which the offender is arrested or charged, the court shall enter a judgment by default in favor of the State for the traffic infraction unless the court determines that good cause or excusable neglect exists for the defendant's failure to appear.  The court shall enter a disposition pursuant to the Hawaii rules of penal procedure for the criminal offense.

. . . .

**§ 291D–5  Notice of traffic infraction; form; determination final unless contested.** (a) The notice of traffic infraction shall include the complaint and summons for the purposes of this chapter.  Whenever a notice of traffic infraction is issued to the driver of a motor vehicle, the driver's signature, driver's license number, and current address shall be affixed to the notice.  If the driver refuses to sign the notice, the officer shall record this refusal on the notice and issue the notice to the driver.  Individuals to whom a notice of traffic infraction is issued under this chapter need not be arraigned before the court, unless required by rule of the supreme court.

(b) The form for the notice of traffic infraction shall be prescribed by rules of

the district court which shall be uniform throughout the State. Except in the case of traffic infractions involving parking, the notice shall include the following:

(1) A statement of the specific traffic infraction, including a brief statement of facts, for which the notice was issued;

(2) A statement of the monetary assessment, established for the particular traffic infraction pursuant to section 291D–9, to be paid by the driver which shall be uniform throughout the State;

(3) A statement of the options provided in section 291D–6(b) for answering the notice and the procedures necessary to exercise the options;

(4) A statement that the person to whom the notice is issued must answer, choosing one of the options specified in section 291D–6(b), within fifteen days;

(5) A statement that failure to answer the notice of traffic infraction within fifteen days shall result in the entry of judgment by default for the State and a late penalty assessed and, if the driver fails to pay the monetary assessment within an additional thirty days or otherwise take action to set aside the default, notice to the director of finance of the appropriate county that the person to whom the notice was issued shall not be permitted to renew or obtain a driver's license or, where the notice was issued to a motor vehicle, the registered owner will not be permitted to register, renew the registration of, or transfer title to the motor vehicle until the traffic infraction is finally disposed of pursuant to this chapter;

(6) A statement that, at a hearing to contest the notice of traffic infraction conducted pursuant to section 291D–8 or in consideration of a written statement contesting the notice of traffic infraction, no officer will be present unless the driver timely requests the court to have the officer present. The standard of proof to be applied by the court is whether a preponderance of the evidence proves that the specified traffic infraction was committed;

(7) A statement that, at a hearing requested for the purpose of explaining mitigating circumstances surrounding the commission of the infraction or in consideration of a written request for mitigation, the person will be considered to have committed the traffic infraction;

(8) A space in which the driver's signature, current address, and driver's license number may be affixed; and

(9) The date, time, and place at which the driver must appear in court if the driver chooses to go to hearing.

(c) In the case of traffic infractions involving parking, the notice shall be affixed conspicuously to the vehicle as provided in section 291C–167 and shall include the information required by paragraphs (1) to (8) of subsection (b).

**§ 291D–6 Answer required.** (a) [Subsection effective until June 30, 2004. For subsection effective July 1, 2004, see below.] A person who receives a notice of traffic infraction shall answer the notice within fifteen days of the date of the notice. There shall be included with the notice of traffic infraction a preaddressed, postage paid envelope directed to the traffic violations bureau of the applicable district court.

(a) [Subsection effective July 1, 2004. For subsection effective until June 30, 2004, see above.] A person who receives a notice of traffic infraction shall answer the notice within fifteen days of the date of the notice. There shall be included with the notice of traffic infraction a preaddressed envelope directed to the traffic violations bureau of the applicable district court.

(b) In an answer to a notice of traffic infraction, a person shall either:

(1) Admit the commission of the infraction by completing the appropriate portion of the notice of traffic infraction and submitting it, either by mail or in person, to the authority specified on the notice together with payment, except as provided in section 291D–9(d), in the amount of the monetary assessment stated on the notice of traffic infraction. Payment by mail shall be in the

form of a check, money order, or by approved credit card. Payment in person shall be in the form of United States currency, check, money order, or by approved credit card;

(2) Deny the commission of the infraction by completing the appropriate portion of the notice of traffic infraction and submitting it, either by mail or in person, to the authority specified on the notice. In lieu of a hearing, the person may submit a written statement of grounds on which the person contests the notice of traffic infraction, which shall be considered by the court as a statement given in court pursuant to section 291D–8(a); or

(3) Admit the commission of the infraction and request a hearing to explain circumstances mitigating the infraction by completing the appropriate portion of the notice of traffic infraction and submitting it, either by mail or in person, to the authority specified on the notice. In lieu of a hearing, the person may submit a written explanation of the mitigating circumstances, which shall be considered by the court as a statement given in court pursuant to section 291D–8(b).

(c) When answering the notice of traffic infraction, the person shall affix the person's signature to the answer and shall state the address at which the person will accept future mailings from the court. No other response shall constitute an answer for purposes of this chapter.

**§ 291D–7 Court action after answer or failure to answer.** (a) When an admitting answer is received, the court shall review the driver's abstract. The court shall enter judgment in favor of the State in the amount of the monetary assessment specified in the notice of traffic infraction. If the monetary assessment is not submitted with the answer, the court shall take action as provided in section 291D–10.

(b) When a denying answer is received, the court shall proceed as follows:

(1) In the case of a traffic infraction that does not involve parking, the court shall proceed as provided in section 291D–8(a).

(2) In the case of a traffic infraction that involves parking, the court shall notify the person or registered owner or owners in writing of the date, time, and place of hearing to contest the notice of traffic infraction. The notice of hearing shall be sent within thirty days from the postmarked date of the answer to the address stated in the denying answer or, if none is given, to the address at which the vehicle is registered. The notification also shall advise the person that, if the person fails to appear at the hearing, the court shall enter judgment by default in favor of the State, as of the date of the scheduled hearing, that the monetary assessment must be paid within thirty days from notice of default, and, if it is not paid, that the court will take action as provided in section 291D–10.

(3) When a denying answer is accompanied by a written statement of the grounds on which the person contests the notice of the traffic infraction, the court shall proceed as provided in section 291D–8(a) and shall notify the person of its decision, including the amount of the monetary assessment by mailing it within thirty days of the postmarked date of the answer to the address provided by the person in the answer, or if none is given to the address given when the notice of traffic infraction was issued or, in the case of parking violations, to the address stated in the denying answer or, if none is given, to the address at which the vehicle is registered. The decision also shall advise the person, if it is determined that the infraction was committed, that the person has the right, within thirty days, to request a trial and shall specify the procedures for doing so. The notice of decision shall also notify the person, if a monetary assessment is assessed by the court, that if the person does not request a trial, the assessment shall be paid within thirty days. The notice shall warn the person that if the assessment is not paid

within thirty days, the court shall take action as provided in section 291D–10.

(c) When an answer admitting commission of the infraction but seeking to explain mitigating circumstances is received, the court shall proceed as follows:

(1) In the case of a traffic infraction which does not involve parking, the court shall proceed as provided in section 291D–8(b).

(2) In case of a traffic infraction which involves parking, the court shall notify the person in writing of the date, time, and place of the hearing. The notice shall be sent, within thirty days from the postmarked date of the answer, to the address at which the vehicle is registered. The notice of hearing on mitigating circumstances shall advise the person that the court will enter judgment for the State and the hearing will be limited to an explanation of the mitigating circumstances. The notice of hearing also shall state that if the person fails to appear at the hearing, the monetary assessment must be paid within thirty days of the scheduled hearing. The notice of hearing shall warn the person that if the monetary assessment is not paid within thirty days, the court shall take action as provided in section 291D–10.

(3) If a written explanation is included with an answer admitting commission of the infraction, the court shall enter judgment for the State and, after reviewing the explanation, determine the amount of the monetary assessment to be assessed, if any. The court shall then notify the person of the monetary assessment to be paid for the infraction, if any. There shall be no appeal from the order. If the court assesses a monetary assessment, the court shall also notify the person that the assessment shall be paid within thirty days of the postmarked date of the decision. The notice shall also warn the person that if the monetary assessment is not paid within thirty days, the court shall take action as provided in section 291D–10.

(d) If the person fails to answer within fifteen days of issuance of the notice of traffic infraction, the court shall take action as provided in subsection (e).

(e) Whenever judgment by default in favor of the State is entered, the court shall mail a notice of entry of judgment of default to the address provided by the person when the notice of traffic infraction was issued or, in the case of parking violations, to the address stated in the answer, if any, or the address at which the vehicle is registered. The notice shall advise the person that the monetary assessment shall be paid within thirty days and shall explain the procedure for setting aside a default judgment. The notice shall also warn the person that if the monetary assessment is not paid within thirty days, the court shall take action as provided in section 291D–10. Judgment by default for the State entered pursuant to this chapter may be set aside pending final disposition of the traffic infraction upon written application of the person and posting of an appearance bond equal to the amount of the monetary assessment and any other assessment imposed pursuant to section 291D–9. The application shall show good cause or excusable neglect for the person's failure to take action necessary to prevent entry of judgment by default. Upon receipt of the application, the court shall take action to remove the restriction placed on the person's driver's license or the motor vehicle's registration and title imposed pursuant to section 291D–10. Thereafter, the court shall determine whether good cause or excusable neglect exists for the person's failure to take action necessary to prevent entry of judgment by default. If so, the notice of traffic infraction shall be disposed of pursuant to this chapter. If not, the appearance bond shall be forfeited and the notice of traffic infraction shall be finally disposed. In either case, the court shall, within thirty days, determine the existence of good cause or excusable neglect and notify the person of its decision in writing.

§ **291D–8 Hearings.** (a) In proceedings to contest the issuance of a notice of traffic infractions:

(1) In lieu of the personal appearance by the officer who issued the notice of traffic infraction, the court shall consider the notice of traffic infraction and any other written report made by the officer together with any oral or written statement by the driver, or in the case of traffic infractions involving parking, the operator or registered owner of the motor vehicle;

(2) The court may compel by subpoena the attendance of the officer who issued the notice and other witnesses from whom it may wish to hear;

(3) The standard of proof to be applied by the court shall be whether a preponderance of the evidence proves that the traffic infraction was committed; and

(4) After due consideration of the evidence and arguments, if any, the court shall determine whether commission of the traffic infraction has been established. Where the commission of the traffic infraction has not been established, an order dismissing the notice of traffic infraction with prejudice shall be entered in the records. Where it has been established that the traffic infraction was committed, the court shall enter judgment for the State and may assess a monetary assessment pursuant to section 291D–9. The court also shall inform the person of the right to request, within thirty days, a trial pursuant to section 291D–13. If the person requests a trial at the hearing, the court shall provide the person with the trial date forthwith. If trial is elected, arraignment and plea shall be held at the time of trial.

(b) In proceedings to explain mitigating circumstances:

(1) The procedure shall be informal and shall be limited to the issue of mitigating circumstances. A person who requests to explain the circumstances shall not be permitted to contest the issuance of the notice of traffic infraction; and

(2) After the court has received the explanation, the court shall enter judgment for the State and may assess a monetary assessment, pursuant to section 291D–9; and

(3) The court after receiving the explanation may vacate the admission and dismiss the notice of traffic infraction with prejudice where the explanation establishes that the infraction was not committed; and

(4) There shall be no appeal from the order.

(c) If a person for whom a hearing has been scheduled to contest the notice of traffic infraction or a hearing to explain mitigating circumstances fails to appear at the hearing, the court shall enter judgment by default for the State and take action as provided in section 291D–7(e). If the monetary assessment is not paid within thirty days, the court shall take action as provided in section 291D–10.

[§ 291D–9] **Monetary assessments.** (a) A person found to have committed a traffic infraction shall be assessed a monetary assessment not to exceed the maximum fine specified in the statute defining the traffic infraction.

(b) Notwithstanding section 291C–161 or any other law to the contrary, the district court of each circuit shall prescribe a schedule of monetary assessments for all traffic infractions, and any additional assessments to be imposed pursuant to subsection (c). The particular assessment to be entered on the notice of traffic infraction pursuant to section 291D–5 shall correspond to the schedule prescribed by the district court. Except after proceedings conducted pursuant to section 291D–8 or a trial conducted pursuant to section 291D–13, monetary assessments assessed pursuant to this chapter shall not vary from the schedule prescribed by the district court having jurisdiction over the traffic infraction.

(c) In addition to any monetary assessment imposed for a traffic infraction, the court may impose additional assessments for:

(1) Failure to pay a monetary assessment by the scheduled date of payment; or

(2) The cost of service of a penal summons issued pursuant to this chapter.

(d) The court may grant to a person claiming inability to pay, an extension of the period in which the monetary assessment shall be paid or may impose community service in lieu thereof. If the assessment is not paid or the community service is not performed on or before the date established and the court has not extended the time, the court shall take action as provided in section 291D-10.

**[§ 291D-10] Restriction on driver's license and motor vehicle registration.** (a) When the person issued a notice of traffic infraction not involving parking fails to pay a monetary assessment that has been ordered, the court shall cause an entry to be made in the driver's license record so as to prevent the person whose assessment is outstanding from acquiring or renewing the person's driver's license until the outstanding assessment is paid or the notice of traffic infraction is otherwise disposed of pursuant to this chapter.

(b) In all cases where the registered owner of a motor vehicle to which a notice of traffic infraction has been issued fails to pay any monetary assessments that have been ordered, the court shall cause an entry to be made in the motor vehicle's record so as to prevent issuance or renewal of the motor vehicle's certificate of registration and transfer of title to the motor vehicle until the outstanding assessment is paid or the notice of traffic infraction is otherwise disposed of pursuant to this chapter.

. . . .

**§ 291D-13 Trial.** (a) If, after proceedings to contest the notice of traffic infraction, a determination is made that a person committed the traffic infraction, the person may request, within thirty days of the determination, a trial pursuant to the rules of penal procedure and rules of the district court, provided that arraignment and plea for such trial shall be held at the time of trial. If the person requests a trial at the conclusion of the proceedings to contest the notice of traffic infraction, the court shall provide the person with the trial date forthwith. A notice of traffic infraction shall not be adjudicated pursuant to this section until proceedings pursuant to section 291D-8 have been completed.

(b) The result of the final determination or any admission made pursuant to section 291D-6 shall not be admissible in any trial conducted pursuant to section 291D-13.

**[§ 291D-14] Rules.** (a) The supreme court may adopt rules of procedure for the conduct of all proceedings pursuant to this chapter.

(b) Chapter 626 [the Hawaii Rules of Evidence] shall not apply in proceedings conducted pursuant to this chapter, except for the rules governing privileged communications, and proceedings conducted under section 291D-13.

(c) Notwithstanding section 604-17, while the court is sitting in any matter pursuant to this chapter, the court shall not preserve the testimony or proceedings, except proceedings conducted pursuant to section 291D-13.

(d) The prosecuting attorney shall not participate in proceedings conducted pursuant to this chapter, except proceedings pursuant to section 291D-13.

(e) Chapter 91 shall not apply in proceedings before the court.

### B. *The Relevant Facts*

The relevant facts are undisputed. On November 14, 2003, a police officer cited Rees for violating HRS § 286-25 (1993) (operation of a vehicle without a current certificate of inspection) while driving a 1988 Toyota. At a December 15, 2003 HRS § 291D-2 court "hearing" in which Judge Matthew S.K. Pyun presided, the following, in relevant part, was stated:

THE COURT: You received a citation for a delinquent safety check on November 14th. Are you contesting that matter?

MR. REES: Um, I honestly don't know what the repercussions are if I contest it. I mean I feel this ticket was written in error, uh, for many reasons, but, I don't know if I contest it if it's gonna cost me money.

. . . .

MR. REES: Uh, can I ask you one thing? Is this safety sticker a requirement to have this thing on the vehicle as part of the vehicle?

THE COURT: Yes, it is.

[REES]: Then I think I should have been cited under section two eighty-six twenty-two. I don't see how they can do this. It should be a fix-it ticket or a warning. They write up members of the four forty-second, they write up people that are a week late on it, and it's ridiculous, when there's nothing wrong with the vehicle.

Thereafter, immediately prior to the HRS §§ 291D-2 and -13 court "trial" held on February 26, 2004, with Judge John Moran presiding, the following, in relevant part, was stated:

[REES]: Yes, sir. For the record, this man here offered to dismiss the charge if I can show him proof that I had inspected the vehicle.

THE COURT: Right.

[REES]: That is not my point. My point is that I'm saying that the court's and the police department's implementation of the vehicle safety statutes is all wrong, and I can prove it.

THE COURT: Sixty seconds or less tell me why.

[REES]: Because the Legislature mandated that they operate differently in regard to these statutes and they're ignoring the Legislation's mandates....

....

[REES]: You cannot imagine the events that have transpired in my life why I am in complete agreement with safe vehicles. My argument is not that they don't have a right. My argument is they're not fulfilling their duty. They're failing miserably. This is my argument....

During the February 26, 2004 trial, Rees stated, in relevant part, as follows:

[REES]: That statute 286-25 is merely the penalty phase of a body of law that was supposed to work together to insure that the police and the courts were doing everything within their power to create safer vehicles on the highway. Or to maintain safety on the highways. To regulate traffic. To regulate condition of vehicles. This is merely the penal phase of it which was meant to be implemented after 286-22 gave proper notice to the person that they were in violation of any safety provision or that they were lacking any required part or equipment. The safety sticker is a required part or equipment.

The March 23, 2004 Judgment is signed by the "Clerk of Court" and states as follows:

## JUDGMENT

I HEREBY CERTIFY that on the *26th* day of *February, 2004,* in the above entitled cause, the District Judge of the above entitled court found the defendant guilty and the defendant was sentenced as follows:

Fine $40.00; Administrative Fee $15.00

Rees filed his notice of appeal on March 24, 2004. On March 30, 2004, by letter, Rees asked the district court to enter relevant findings of fact and conclusions of law. The district court did not respond to his request. On December 8, 2004, this appeal was assigned to this court.

## DISCUSSION

### A.

■ This appeal by Rees is based on his view of the legislature's intended application of HRS § 286-25. In his opening brief, Rees states his view, in relevant part, as follows:

When I asked "What's wrong, officer?" I was greeted with "Can I see your License, Registration, and Insurance card? ..." Then he came back over and told me he was citing me for "expired safety sticker". The citation was already written and he explained the options for disposition of it, and I signed it. He was professional and courteous and though I was mad at myself for somehow missing the expiration, I conducted myself civilly and bore no animosity towards him or his partner. However, I did then state, "Now I'd like to say something to you,—this really should be a warning or a fix-it ticket. You guys have

to know that no one's aware that their sticker has expired when they get this ticket. Who is telling you to go 'zero tolerance' on this? ... You know that when a driver of a safe, legal vehicle gets notice, the first thing they'll do is renew it. So why penalize them? What are your bosses thinking?"

In his reply brief, Rees states, in relevant part, as follows:

I went to the Mayor's office and the Police station, told them I was scheduled for a hearing in the Third District. And that I would be challenging the Police Policy of citing under [HRS § ] 286–25, and not utilizing [HRS § ] 286–22. I asked and practically begged them to appear at the proceeding to present their side. . . .

... I am convinced the Legislature never intended for this possibility to arise anymore than they intended their good work to be ignored and the safety sticker to become an excuse for probable cause whenever the Police want it and not utilized properly to advance vehicle safety. . . . [A] reasonable and prudent person should assume that the Legislature had a valid and rational reason for requiring safety labeling to protect against what cannot be readily seen by the common man or even enforcers of such laws.

... [T]he State alleges again that I am guilty of committing an offense. This is impossible because at that exact place and time I was lawfully driving my vehicle in a safe manner while it was in perfectly safe condition, registered, which is a license for it to be on the highway, and insured, exercising due care and proper diligence expected of any reasonable person in the same circumstance, such as, with a regulatory sign not sufficiently legible or positioned available to be seen by an ordinarily observant person while driving my car. And the State has never alleged any conduct to the contrary. Two of your Judges have effectively ruled the safety sticker as a required part or equipment of the vehicle, your own Judiciary website lists the safety sticker as an equipment violation under "self-help". . . .

... It is not fair to punish people engaging in the very conduct these Statutes were created to insure and promote. The Police and the Courts have acted to impose Court made law with a corresponding cruel and unusual punishment in violation of many U.S. Constitutional immunities. The State has been allowed and encouraged to prosecute innocent civilians upon the mere inference of some kind of negligence but never stating any harm, threat to public safety, or damage to property. They have never sufficiently alleged any offense. If my sticker was expired then I acted in accordance with Statute 286–25, not in violation. It is merely a statement of fact not a violation or described as a penalty.

The facts in this case are that a police officer observed that the safety sticker affixed to the vehicle Rees was operating had expired. That observation authorized the police officer to make a traffic stop. Upon investigation, the police officer determined that the vehicle Rees was operating did not have a current official certificate of inspection. Based on the fact that Rees had operated his automobile "on a public highway without a current official certificate of inspection, issued under section 286–26[,]" HRS § 286–25 commands that Rees "shall be fined not more than $100."

The imposition of the penalty specified in HRS § 286–25 upon a person who operates an automobile "on a public highway without a current official certificate of inspection, issued under section 286–26[,]" motivates owners of motor vehicles operated on public highways to comply with laws requiring those motor vehicles to be (1) periodically inspected for safety, and (2) insured for liability. We conclude that it is within the power of the legislature to motivate compliance with those safety inspection and liability insurance laws by imposing the penalty specified in HRS § 286–25. This case does not present the Judiciary with any valid basis for questioning the enforceability of HRS § 286–25.

**B.**

■ The expired safety sticker offense that Rees was found to have committed is punishable by a fine of not more than $100. HRS § 286–25. Pursuant to HRS §§ 291D–2 and 291D–3(a), therefore, the offense is

considered a civil traffic infraction and "shall not be classified as [a] criminal offense[ ]."

In this case, Rees denied committing the offense for which he was cited. As noted above, HRS § 291D–7(b) provides in part that in the case of a non-parking traffic infraction where a denying answer is received, "the court shall proceed as provided in section 291D–8(a)."

As noted above, HRS § 291D–8(a)(3) and (4) (Supp.2004) state as follows:

§ 291D–8 **Hearings.** (a) In proceedings to contest the issuance of a notice of traffic infractions:

. . . .

(3) The standard of proof to be applied by the court shall be whether a preponderance of the evidence proves that the traffic infraction was committed; and

(4) After due consideration of the evidence and arguments, if any, the court shall determine whether commission of the traffic infraction has been established. Where the commission of the traffic infraction has not been established, an order dismissing the notice of traffic infraction with prejudice shall be entered in the records. Where it has been established that the traffic infraction was committed, the court shall enter judgment for the State and may assess a monetary assessment pursuant to section 291D–9. The court also shall inform the person of the right to request, within thirty days, a trial pursuant to section 291D–13. If the person requests a trial at the hearing, the court shall provide the person with the trial date forthwith. If trial is elected, arraignment and plea shall be held at the time of trial.

It appears that the district court judge who conducted the trial of Rees treated the expired safety check offense as a criminal offense, perhaps because HRS § 291D–13 required the trial to be conducted "pursuant to the rules of penal procedure and rules of the district court." However, there is no provision in HRS Chapter 291D that converts a traffic infraction into a criminal offense just because a defendant exercises his or her

right to have a trial before the district court. According to the legislative history of Senate Bill No. 154, which was enacted as Act 214, 1993 Haw. Sess. L. 365, at a trial conducted pursuant to HRS § 291D–13, "the prosecutor will be present and the violation must be proven beyond a reasonable doubt." See Comm. Rep. No. 69 on Senate Bill No. 154, 1993 Senate Journal 767.

Although the legislative history indicates that the Hawai'i Rules of Penal Procedure process and the criminal standard of proof apply to a contested trial held pursuant to HRS § 291D–13, nothing in the legislative history indicates or suggests that, when a defendant exercises his or her statutory option to go to trial to contest an alleged infraction, the infraction thereupon becomes a criminal offense.

Accordingly, we vacate the district court's March 23, 2004 Judgment and remand for entry of a judgment for the State as follows:

JUDGMENT

I HEREBY CERTIFY that on the *26th* day of *February, 2004,* in the above entitled cause, the District Judge of the above entitled court entered judgment for the State and assessed the following monetary assessments pursuant to Hawaii Revised Statutes § 291D–9 (1993):

Monetary assessment imposed for a traffic infraction: $40.00
Monetary assessment for Administrative Fee: $15.00