STATE OF HAWAI`I, Plaintiff-Appellee,
v.
MARGARET CHIN, Defendant-Appellant
No. 29058.
Intermediate Court of Appeals of Hawaii.
April 2, 2009.
On the briefs:
Hayden Aluli, for Defendant-Appellant.
Peter B. Carlisle, Prosecuting Attorney, Anne K. Clarkin, Deputy Prosecuting Attorney, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and LEONARD, JJ.
Defendant-Appellant Margaret Chin (Chin) appeals from the Judgment and Sentence, entered on February 5, 2008, in the District Court of the First Circuit, Kaneohe Division (District Court)[1] Chin was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or 291E-61(a)(3) (Supp. 2007).
On appeal, Chin contends: (1) the District Court plainly erred by failing to state essential findings of fact on the record when it denied Chin's Motion to Dismiss With Prejudice and Motion to Suppress, in violation of Rule 12(e) of the Hawai`i Rules of Penal Procedure (HRPP); (2) the District Court erred by denying Chin's Motion to Dismiss With Prejudice because the prosecution of Chin is barred by the double jeopardy clauses of the United States and Hawai`i Constitutions; and (3) the District Court failed to advise Chin of her rights pursuant to Tachibana v. State, 79 Hawai`i 226, 900 P.2d 1293 (1995).
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Chin's points of error as follows:
(1) The District Court's adoption of the facts set forth in the State's Opposition to the Motion to Suppress Evidence and the Motion to Dismiss With Prejudice and the State's oral arguments were sufficient to state the essential facts on the record, in compliance with HRPP Rule 12 (e) . Chin does not claim that the facts and conclusions adopted by the District Court were inadequate, only that they were not sufficiently stated on the record. We conclude that the District Court did not plainly err by denying Chin's Motion to Dismiss and Motion to Suppress for failure to state the essential facts on the record in compliance with HRPP Rule 12(e).
(2) "Traffic infraction means all violations of statutes, ordinances, or rules relating to traffic movement and control, including parking, standing, equipment, and pedestrian offenses, for which the prescribed penalties do not include imprisonment." State v Rees, 107 Hawai`i 508, 511, 115 P. 3d 687, 690 (App. 2005). Chin was cited for disregarding traffic lane lines, unsafe lane change, and exceeding the speed limit. "No traffic infraction shall be classified as a criminal offense." HRS § 291D-3(a) (Supp. 2007). None of the traffic infractions charged and adjudicated against Chin were criminal in nature. Therefore, the double jeopardy clauses of the United States and Hawai`i Constitutions are not implicated. State v. Werle, App. No. 28653, Memo. Op. at 18-22 (Hawai`i App. 3/11/09), citing, inter alia, Tauese v. State of Hawai`i, Dep't of Labor & Indus. Relations, 113 Hawai`i 1, 31-33, 147 P.3d 785, 815-17 (2006).
(3) The District Court failed to advise Chin of her right to testify and obtain her waiver of that right on the record, therefore, her constitutional right to testify was violated. The State admits that "it would be extremely difficult for the state to prove, beyond a reasonable doubt, that the verdict would remain unchanged. Without this knowledge, it is nearly impossible for the State to prove beyond a reasonable doubt, that the trier of fact would not have reached a different conclusion." Upon review, we agree. We conclude that the violation of Chin's right to testify based on the District Court's failure to conduct a Tachibana colloquy with Chin was not harmless beyond a reasonable doubt and Chin's conviction must be vacated. Tachibana v. State, 79 Hawai`i 226, 236, 240, 900 P.2d 1293, 1296, 1303 (1995).
For these reasons, the denial of Chin's Motion to Dismiss With Prejudice and Motion to Suppress are affirmed. The District Court's Judgment and Sentence, entered on February 5, 2008, is vacated and the case is remanded for a new trial.
NOTES
[1] The Honorable David Lo presided.